UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Penelope A. Scudder, Esq. (ID No. 228942017)
Weissman & Mintz, LLC
One Executive Drive, Suite #200
Somerset, New Jersey, 08873

|  |  |  |
|---|---|---|
|  | : |  |
|  | : | Hon. Kevin McNulty, USDJ |
| RUTGERS SCHOOL OF DENTAL MEDICINE, | : |  |
| Plaintiff | : |  |
|  | : |  |
| v. | : | Civil Action No. 2:18-cv-15121 |
|  | : |  |
| MARIANELLA NATERA-FERNANDEZ, BDS, MDS, | : |  |
| Defendant | : | ANSWER |
|  | : |  |

Defendant Marianella Natera-Fernandez, BDS, MDS, files this Answer to Plaintiff Rutgers School of Dental Medicine's Complaint:

## **DEFENDANT'S ORIGINAL ANSWER**

## **PARTIES**

1. Defendant admits the allegations in Paragraph 1 of the Complaint.

2. Defendant admits the allegations in Paragraph 2 of the Complaint.

3. Defendant admits the allegations in Paragraph 3 of the Complaint.

## **JURISDICTION AND VENUE**

4. Defendant admits the allegations in Paragraph 4 of the Complaint.

5. Defendant admits the allegations in Paragraph 5 of the Complaint.

1

## FACTUAL ALLEGATIONS

6. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 6 of the Complaint.

7. Defendant lacks knowledge or information sufficient to form a belief as to the terms and conditions of the Program. Defendant denies the remaining allegations in Paragraph 7.

8. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 8 of the Complaint.

9. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 9 of the Complaint.

10. Defendant admits only so much of Paragraph 10 that alleges that in March 2014, she entered into an agreement with Plaintiff to participate in the RDSM DMD program. The March 2014 agreement speaks for itself. Defendant denies the remaining allegations in Paragraph 10.

11. Defendant admits only so much of Paragraph 11 that alleges that in March 2014 she entered into an agreement with Plaintiff to participate in the RDSM DMD program. The March 2014 agreement speaks for itself. Defendant denies the remaining allegations in Paragraph 11.

12. Defendant admits only so much of Paragraph 12 that alleges that in March 2014 she entered into an agreement with Plaintiff to participate in the RDSM DMD program. The March 2014 agreement speaks for itself. Defendant denies the remaining allegations in Paragraph 12.

13. Defendant admits only so much of Paragraph 13 that alleges that in March 2014 she entered into an agreement with Plaintiff to participate in the RDSM DMD program. The

March 2014 agreement speaks for itself. Defendant denies the remaining allegations in Paragraph 13.

14. Defendant admits only so much of Paragraph 14 that alleges that in March 2014 she entered into an agreement with Plaintiff to participate in the RDSM DMD program. The March 2014 agreement speaks for itself. Defendant denies the remaining allegations in Paragraph 14.

15. Defendant admits only so much of Paragraph 15 as alleges that on July 18, 2016, she completed the RSDM DMD program. Defendant denies the remaining allegations in Paragraph 15.

16. Defendant admits the allegations in Paragraph 16.

17. Defendant admits the allegations in Paragraph 17.

18. Defendant admits only so much of Paragraph 18 as alleges that she received a letter from Plaintiff dated July 12, 2017. The July 12, 2017 letter speaks for itself. Defendant denies the remaining allegations in Paragraph 18.

19. Defendant admits only so much of Paragraph 19 as alleges that she received a letter from Plaintiff dated July 12, 2017. The July 12, 2017 letter speaks for itself. Defendant denies the remaining allegations in Paragraph 19.

20. Defendant admits the allegations in Paragraph 20.

21. Defendant denies the allegations in Paragraph 21.

22. Defendant denies the allegations in Paragraph 22.

23. Defendant denies the allegations in Paragraph 23.

24. Defendant denies the allegations in Paragraph 24.

25. Defendant denies the allegations in Paragraph 25.

26. Defendant denies the allegations in Paragraph 26.

## **DEFENSES**

27. The March 2014 Agreement is an unconscionable adhesion contract and is void as against public policy.

28. The March 2014 Agreement is void as it lacks consideration.

29. The March 2014 Agreement is void as it conflicts with terms and conditions of the 2015-2018 Collective Negotiations Agreement between the American Association of University Professions, Biomedical and Health Sciences of New Jersey (AAUP-BHSNJ) and Rutgers, the State University of New Jersey, which governed Defendant's terms and conditions of employment with the RSDM.

30. The March 2014 Agreement is void as it was executed under duress.

31. Plaintiff is not entitled to relief because their claims are barred by the doctrine of laches.

32. Plaintiff is not entitled to punitive damages as Defendant did not act or fail to act in a manner sufficient to give rise to punitive damages liability.

33. Plaintiff is not entitled to liquidated damages as the liquidated damages clause is not a reasonable forecast of just compensation for the harm caused by Defendant's alleged breach.

34. Defendant reserves the right to assert further affirmative defenses as they become evident through discovery.

## **PRAYER FOR RELIEF**

Defendants requests that all claims by Plaintiff against Defendant be dismissed with prejudice, costs and attorneys fees awarded to Defendant, and any other such relief this Court deems appropriate.

Dated: December 18, 2018         /s/ Penelope A. Scudder, Esq.
                                 Penelope A. Scudder, Esq.
                                 Weissman & Mintz, LLC
                                 One Executive Drive, Suite #200
                                 Somerset, New Jersey, 08873
                                 Tel:    (732)-563-4565
                                 pscudder@weissmanmintz.com